**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————

CHOCTAW NATION OF OKLAHOMA,
  a federally-recognized Indian Tribe
529 N 16th Ave.
Durant, OK 74701

        Plaintiff,

        v.

ALEX M. AZAR II,
  in his official capacity as Secretary,
United States Department of Health
  and Human Services
200 Independence Avenue, S.W.
Washington, D.C.  20201,

        Defendant.

———————————————————

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      The Teen Pregnancy Prevention Program (TPPP) is a congressionally-mandated program that funds evidence-based programs to prevent teen pregnancy. When created by statute in 2009, TPPP was a major shift away from the abstinence-only approach to pregnancy prevention that had been federal policy for decades and towards an evidence-based approach focused on funding programs that could demonstrate success, regardless of methodology.

2.      Plaintiff is among the recipients of five-year TPPP grants awarded in 2015 by the Office of Adolescent Health (OAH), an office within the Department of Health and Human Services (HHS).  Plaintiff's TPPP grant, No. 5 TP1AH000100-03-00, is for $1,175,000 annually.

3.      In May 2017, HHS announced that it wanted to terminate the TPPP in the next fiscal year and sought no funding for the program in its 2018 budget request to Congress.  HHS then informed all TPPP grantees that their grants would be terminated effective June 2018—two years ahead of the scheduled end dates.  HHS provided no explanation for the early termination of these grants.

4.      Despite HHS's request to zero-out funding for the TPPP, Congress appropriated funds to continue the program through federal fiscal year 2018. Congress included a TPPP appropriation of $107.8 million in the Consolidated Appropriations Act, 2018, which was signed into law March 23, 2018.

5.      HHS's failure to provide a reasoned basis for the termination of plaintiff's grant, and termination of the grant in a manner contrary to HHS regulations, constitutes final agency action that is arbitrary, capricious, and not in accordance with law, in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1361, 28 U.S.C. § 2201, and 5 U.S.C. § 702.

7.      Venue is proper in this district because a substantial part of the acts or omissions giving rise to the claim occurred in this judicial district.  28 U.S.C. § 1391(e).

## PARTIES

8.      Plaintiff Choctaw Nation of Oklahoma (Choctaw Nation) is the third largest federally-recognized Native American Indian Tribe, with the second largest tribal service area and land base in the lower 48 States, covering over 11,700 square miles in southeast Oklahoma (larger than Massachusetts, Delaware, Rhode Island, and the District of Columbia combined).

9.      Defendant Alex Azar is the Secretary of HHS.  His office is located in Washington, D.C.  He is sued in his official capacity.

## FACTS

10.     In 2009, alarmed that teenage pregnancy rates had begun to rise after years of decline, Congress mandated the creation of the TPPP, an evidence-based initiative to reduce teen pregnancy.  In the Consolidated Appropriations Act, 2010, Congress appropriated $110 million to HHS for fiscal year 2010 and mandated that the funds "shall be for making competitive contracts and grants to public and private entities to fund medically accurate and age appropriate programs that reduce teen pregnancy and for the Federal costs associated with administering and evaluating such contracts and grants." Pub. L. No. 111-117, div. D, tit. II, 123 Stat. 3034, 3253.

11.     Pursuant to its TPPP grant, plaintiff has established the Choctaw Nation SMART (Set Morals And Resist Temptations) Program which provides evidence-based teen pregnancy prevention education to students in areas with a great need – Oklahoma has the second highest teen pregnancy rate in the United States, and the counties of Choctaw, McCurtain, and Pushmataha have some of the highest teen pregnancy rates in the state of Oklahoma.  SMART uses age-appropriate, evidence-based curricula to teach middle school (6th – 8th grades), high school (9th – 10th grades), and Alternative Education students to set personal goals, communicate personal limits to others, and seek parental input to decisions as well as hard facts about pregnancy and sexually transmitted disease prevention.  Offered during school hours in participating school districts, SMART lessons engage students with an active learning style, games, and parent engagement on homework assignments.  All participating students must have parental consent to participate, and any data collected from youth is completely anonymous.

12.     Since the TPPP's inception, HHS has provided funding through grants for five-year project periods

13.     In early 2015, HHS, through OAH, issued new Funding Opportunity Announcements (FOAs) for grants for a new five-year project period.  The FOAs provided that the grants would be funded in annual increments (budget periods) and that funding for all budget periods beyond the first year of the grant would be "contingent upon the availability of funds, satisfactory progress of the project, and adequate stewardship of Federal funds."  The FOAs further provided for grantees to submit noncompeting applications in each year of the approved project period, providing progress reports for the current budget year, work plans, budgets, and budget justifications for the upcoming year.

14.     After reviewing nearly 500 applicants, in July 2015, HHS awarded approximately 80 five-year TPPP grants.  Combined, the chosen programs were designed to serve more than 1.2 million youth across 38 states.

15.     Consistent with the FOAs, plaintiff's initial notice of award provided that the "project period" for its grant was five years, from July 1, 2015, through June 30, 2020.  Within the project period were five "budget periods," running from July 1 to June 30 of the following year.  The first notice of award was for the budget period from July 1, 2015, through June 30, 2016.

16.     Consistent with program requirements, for each year of the project period after the initial year, plaintiff submitted a non-competing continuation application for the next budget period and required progress reports.

17.     Plaintiff has complied with TPPP requirements throughout the project period of its grant.

18.     In June 2016, plaintiff received a notice of award of the funds for the budget period from July 1, 2016, through June 30, 2017.  Like the 2015 notice, the 2016 notice of award provided that the project period was through June 30, 2020.

19.     In May 2017, following the change in Administration, HHS submitted its budget request to Congress for the Fiscal Year (FY) 2018.  In that request, HHS proposed to eliminate the TPPP.  HHS stated that "[t]he FY 2018 President's Budget does not request funds for this program" and "HHS will not make amounts available for Teenage Pregnancy Prevention activities in FY 2018." The request summarized the decision as follows: "The FY 2018 President's Budget request is $0.00, a decrease of $100,808,000 from [] FY 2017 …. The Budget eliminates the TPP program. The teenage pregnancy rate has declined significantly over recent years, but it does not appear this program has been a major driver in that reduction."

20.     In early July 2017, plaintiff received a notice of award providing the full funding that had been appropriated in FY 2017 for its third grant year.  That notice also advised plaintiff that the grant would terminate two years early, on June 30, 2018. Without further explanation, the notice stated: "This award also shortens the project period to end on June 30, 2018 at the end of this budget year."

21.     The other TPPP grantees received similar notices at the same time.  HHS did not give the grantees prior notice that their awards would be prematurely terminated.

22.     On July 17, 2017, a spokesperson for the Office of the Assistant Secretary for Health confirmed in an email to a reporter that the TPPP grants had been terminated based on President's fiscal year 2018 budget request to eliminate the program: "[T]he President's FY 2018 Budget eliminated funding for the Teen Pregnancy Prevention Program, so our grants office informed the grantees of their June 30, 2018 end date, to give them an opportunity to adjust their

programs and plan for an orderly closeout." Megan Molteni, *Teen Pregnancy Researchers Regroup After Trump's HHS Pulls Funding*, Wired (July 19, 2017 7:00 am), https://www.wired.com/story/teen-pregnancy-researchers-regroup-after-trumps-hhs-pulls-funding/.

## COUNT ONE
## VIOLATION OF THE APA

23.    The APA authorizes this Court to hold unlawful and set aside final agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

24.    HHS's termination of plaintiff's grant constitutes final agency action under the APA.

25.    HHS's grant regulations set forth specific reasons why HHS may terminate an award prior to the end of the planned period: (1) "if the non–Federal entity fails to comply with the terms and conditions of the award"; (2) "for cause"; or (3) "with the consent of the non–Federal entity." 45 C.F.R. § 75.372(a).  None of those conditions exists in this case.

26.    HHS terminated plaintiff's grant without explanation, and that termination was contrary to HHS regulations governing termination prior to the end of the planned period.

27.    HHS's termination of plaintiff's grant was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

(A) Declare defendant's termination of plaintiff's TPPP grant unlawful;

(B) Set aside the termination of plaintiff's TPPP grant and enjoin defendant to administer that grant for the awarded five-year project period to the same extent and in the same manner as prior to the unlawful termination, as provided in the notices of award and HHS regulations;

(C) Enjoin defendant to accept and process plaintiff's non-competing continuation application for the next budget period as if it had not terminated plaintiff's grant;

(D) Award plaintiff its costs and reasonable attorney fees; and

(E) Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____/s/_____
Steven D. Gordon (D.C. Bar No. 219287)
Philip Baker-Shenk (D.C. Bar No. 386662)
800 17th Street, N.W., Suite 1100
Washington, D.C.  20006
Tel: (202) 955-3000
Fax: (202) 955-5564

*Attorneys for Plaintiff the Choctaw Nation*

#56708227_v1